## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Douglas E. Arpert |
| | : | |
| v. | : | Mag. No. 20-6006 (DEA) |
| | : | |
| DAEVON BELL, | : | **ORDER FOR A CONTINUANCE** |

This matter having come before the Court on the joint application of Rachael A. Honig, Acting United States Attorney for the District of New Jersey (by Michelle S. Gasparian, Assistant United States Attorney), and defendant Daevon Bell, (by Brian P. Reilly, Esq.), for an order granting a continuance of the proceedings in the above-captioned matter from the date this Order is signed through December 15, 2021 to permit defense counsel the reasonable time necessary for effective preparation in this matter and to allow the parties to discuss the matter and conduct plea negotiations in an effort to resolve the case before grand jury proceedings and trial; and the defendant being aware that he has the right to have the matter submitted to a grand jury within 30 days of the date of his arrest pursuant to Title 18, United States Code, Section 3161(b); and two prior continuances having been entered; and the defendant, through his attorney, having consented to the continuance; and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

(1)   The parties anticipate exchanging discovery and entering into plea negotiations, which would render any grand jury proceedings and any subsequent trial of this matter unnecessary;

(2)   The failure to grant such a continuance would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

(3)   The defendant has consented to the aforementioned continuance;

(4)   The grant of a continuance will likely conserve judicial resources; and

(5)   Pursuant to Title 18, United States Code, Section 3161(h)(7), the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.

WHEREFORE, it is on this 15th day of September, 2021;

ORDERED that this action be, and it hereby is, continued from the date this Order is signed through December 15, 2021; and it is further

ORDERED that the period from the date this Order is signed through December 15, 2021 shall be excludable in computing time under the Speedy Trial Act of 1974.

								_____
								HON. DOUGLAS E. ARPERT
								United States Magistrate Judge

Form and entry consented to:

*Michelle S. Gasparian*
_____
Michelle S. Gasparian
Assistant United States Attorneys

*s/ Brian P. Reilly*
_____
Brian P. Reilly, Esq.
Counsel for Defendant, Daevon Bell

3